# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30885
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2020

Lyle W. Cayce
Clerk

SHARON KAYE BURNS,

     Plaintiff - Appellant

v.

MEGAN J. BRENNAN, Postmaster General on behalf of U.S. Postal Service,

     Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:18-CV-990

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Sharon Burns appeals the grant of summary judgment in Postmaster General Megan Brennan's favor on Burns's claim alleging a hostile work environment during her employment at the United States Postal Service. For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30885

## A.     Background

Burns, a postal worker, alleged that a supervisor "violently charged at [her] on the workroom floor while shouting and screaming" and that "[t]here ha[d] been several encounters" between her and the supervisor where Burns felt she was in danger.  Burns filed an Equal Opportunity Employment Commission ("EEOC") complaint alleging, among other things, a hostile work environment, and she received a right-to-sue notice after the EEOC denied relief.  Burns then filed suit in federal court seeking paid leave plus compensatory and punitive damages.

Brennan moved to dismiss Burns's hostile work environment claim for failure to state a claim or, in the alternative, for summary judgment.  The district court granted summary judgment, determining that Burns lacked evidence that any alleged harassment "was on account of sex."[1]

Burns now appeals.  She specifically contends that the Postal Service "failed to provide a safe working environment," that the Postal Service and its management violated internal workplace policies and procedures, and that summary judgment should not have been granted regarding "who can determine what another person view[s] as threatening behavior" (presumably because it is a fact issue).

## B.     Discussion

We review a grant of summary judgment de novo.  *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled

---

[1] The district court also granted summary judgment on Burns's retaliation claim. Although she mentioned it in passing and Brennan discussed it in the Appellee's brief, Burns did not brief the issue in her Appellant's brief.  "Issues not briefed on appeal are waived," so we do not consider that claim here. *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010).

2

to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 (5th Cir. 1999).

Under Title VII, an employee alleging a hostile work environment must show "(1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; and (4) that the harassment affected a term, condition, or privilege of employment." *Lauderdale v. Tex. Dep't of Criminal Justice*, 512 F.3d 157, 162–63 (5th Cir. 2007) (internal quotation marks and citation omitted).

The "key issue" Burns raises is that the Postal Service failed to follow its "commitment . . . to promote a respectful and safe work environment for all employees . . . free of threats, violence and fear." But "Title VII is not a general civility code for the American workplace." *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 263 (5th Cir. 1999). Nor does it impose a blanket requirement that workplaces follow their own policies. *See Milligan v. Bd. of Trustees of S. Ill. Univ.*, 686 F.3d 378, 387 (7th Cir. 2012) ("The failure to follow internal policy does not matter so long as the employer's response is otherwise reasonable under Title VII . . . ."). Instead, Title VII prohibits only certain employment actions taken "*because of* [an] individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (emphasis added).

We have noted before that a plaintiff's Title VII claims are properly dismissed when her "allegations do not contain any connection, either explicit or implicit, between her membership in a protected class and the alleged activity." *Ellis v. Principi*, 246 F. App'x 867, 871 (5th Cir. 2007) (per curiam). Stated differently, whatever the morality or lack thereof of the conduct may be, hostile or uncouth behavior that is unrelated to any protected trait does not

create a "hostile work environment" in the eyes of the law. Although Burns alleges that she was treated poorly, she has not alleged any facts creating a genuine factual dispute as to whether the harassment was because of her sex or any other protected trait.

AFFIRMED.